

United States District Court
For the Northern District of California

1
2
3
4
5                           UNITED STATES DISTRICT COURT

6                          NORTHERN DISTRICT OF CALIFORNIA

7
8
9
VERONA PARTNERS, LLC, et al.,
10
             Plaintiffs,                          No. C 05-5369 PJH
11
        v.                                        **ORDER TO SHOW CAUSE**
12
TENET CAPITAL PARTNERS
13 CONVERTIBLE OPPORTUNITIES
FUND, et al.,
14
             Defendants.
15 _____/

16          PLAINTIFFS ARE ORDERED TO SHOW CAUSE in writing no later than January 18,

17 2006, why this action should not be dismissed for lack of subject matter jurisdiction.  Federal

18 courts are courts of limited jurisdiction, possessing only that power authorized by Article III of

19 the United States Constitution and statutes enacted by Congress pursuant thereto.  See

20 Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986).  Thus, federal courts have

21 no power to consider claims for which they lack subject-matter jurisdiction.  See Chen-Cheng

22 Wang ex rel. United States v. FMC Corp., 975 F.2d 1412, 1415 (9th Cir. 1992).  The court is

23 under a continuing duty to dismiss an action whenever it appears that the court lacks

24 jurisdiction.  Billingsly v. C.I.R., 868 F.2d 1081, 1085 (9th Cir. 1989).

25          Plaintiffs filed this action on December 27, 2006, asserting both diversity jurisdiction

26 pursuant to 28 U.S.C. § 1332, and federal question jurisdiction pursuant to 28 U.S.C.

27 § 1331.  In order to establish diversity jurisdiction at this stage of the proceedings, plaintiffs

28 must allege both that the amount in controversy exceeds $75,000, and that all plaintiffs and all

**United States District Court**
For the Northern District of California

1  defendants are citizens of different states.  Plaintiffs seek $11,629,000 in compensatory

2  damages, and have therefore satisfied the amount-in-controversy requirement.

3      However, they have failed to adequately allege the citizenship of all the parties.

4  Specifically, two of the plaintiffs and two of the named defendants are limited partnerships.

5  Diversity jurisdiction in a suit by or against an artificial entity (other than a corporation)

6  depends on the citizenship of all the members.  Thus, the citizenship of each member of an

7  unincorporated association or partnership must be considered in determining diversity.

8  Carden v. Arkoma Assoc., 494 U.S. 185, 195 (1990).  In suits by or against a partnership, the

9  citizenship of all partners – general and limited – is attributed to the partnership for diversity

10  purposes.  Id. at 195-96; see also Schwarzer, Tashima & Wagstaffe, Federal Civil Procedure

11  Before Trial (2005) § 2:322., et seq.  Plaintiffs have not met their burden of alleging facts

12  showing that all members of the plaintiff partnerships are citizens of a state other than the

13  state of citizenship of each defendant; and likewise, of alleging facts showing that all members

14  of the defendant partnerships are citizens of a state other than the state of citizenship of each

15  plaintiff.

16      To the extent that plaintiffs assert federal question jurisdiction, the allegations are also

17  inadequate.  Plaintiffs allege a single federal claim – violation of the Investment Advisors Act

18  of 1940 ("IIA"), 15 U.S.C. §§ 80b-1, et seq. – and thirteen state law claims.  The federal claim

19  is asserted against only two of the named defendants – Tenet Asset Management LLC

20  ("Tenet") and Jon E. Haskins ("Haskins").  There is a limited right of private action under the

21  IIA.  In Transamerica Mortg. Advisors, Inc. v. Lewis, 444 U.S. 11 (1979), the United States

22  Supreme Court held that the general antifraud provisions of § 206 of the IIA, 15 U.S.C.

23  § 80b-6, do not imply a private cause of action for damages.  Id. at 14-15, 18-19.  The only

24  private right of action that exists under the IIA is an action under § 215 of the Act, 15 U.S.C.

25  § 80b-15, for rescission of an investment advisors contract and restitution of consideration

26  given under the contract.  Id.

27      Here, however, plaintiffs allege that Tenet and Haskins violated § 206, and assert

28  damages in consequence of that violation.  Plaintiffs do not allege facts supporting a claim

**United States District Court**
For the Northern District of California

1    under § 215 of the Act.  In addition, while the prayer for relief seeks "rescission of the

2    [p]laintiffs' investments" pursuant to California Corporations Code § 25501, plaintiffs do not

3    seek rescission of the investment contract.  In view of the Supreme Court's ruling in

4    <u>Transamerica Mortgage</u>, plaintiffs have alleged no viable federal claim and there is

5    consequently no basis for jurisdiction.  Moreover, even if plaintiffs were to amend the

6    complaint to assert a claim under § 215, they do not allege that they entered into investment

7    contracts with the remaining two defendants – Tenet Capital Partners Convertible

8    Opportunities Fund, LP, and Olympia Capital Associates, LP.  Thus, there is no apparent

9    basis for federal jurisdiction over those two defendants.

10            Finally, although the court cannot dismiss sua sponte for lack of personal jurisdiction or

11   improper venue, the court notes that plaintiffs' allegations of personal jurisdiction and venue

12   are deficient.  Plaintiffs assert that "[p]ersonal jurisdiction and venue in this case are governed

13   by Section 27 of the Securities and Exchange Act of 1934 Act, as amended ("the 1934 Act")

14   which confers jurisdiction in the district courts over violations of federal securities laws" (citing

15   15 U.S.C. § 78aa).  However, § 78aa relates to "jurisdiction of offenses and suits" for

16   "violations of this chapter or the rules and regulations thereunder."  The phrase "this chapter"

17   refers to Chapter 2B of Title 15 of the United States Code – that is, 15 U.S.C. §§ 78a to

18   78mm.  The IIA is found at Chapter 2D of Title 15.

19

20   **IT IS SO ORDERED.**

21   Dated: January 5, 2006

22                                                                    _____
                                                                      PHYLLIS J. HAMILTON
23                                                                    United States District Judge

24

25

26

27

28

3