UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

VERONA PARTNERS, LLC, et al.,

    Plaintiffs,

    v.

TENET CAPITAL PARTNERS
CONVERTIBLE OPPORTUNITIES
FUND, et al.,

    Defendants.
_____/

No. C 05-5369 PJH

**ORDER TO SHOW CAUSE**

    PLAINTIFFS ARE ORDERED TO SHOW CAUSE in writing no later than January 18, 2006, why this action should not be dismissed for lack of subject matter jurisdiction. Federal courts are courts of limited jurisdiction, possessing only that power authorized by Article III of the United States Constitution and statutes enacted by Congress pursuant thereto. See Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986). Thus, federal courts have no power to consider claims for which they lack subject-matter jurisdiction. See Chen-Cheng Wang ex rel. United States v. FMC Corp., 975 F.2d 1412, 1415 (9th Cir. 1992). The court is under a continuing duty to dismiss an action whenever it appears that the court lacks jurisdiction. Billingsly v. C.I.R., 868 F.2d 1081, 1085 (9th Cir. 1989).

    Plaintiffs filed this action on December 27, 2006, asserting both diversity jurisdiction pursuant to 28 U.S.C. § 1332, and federal question jurisdiction pursuant to 28 U.S.C. § 1331. In order to establish diversity jurisdiction at this stage of the proceedings, plaintiffs must allege both that the amount in controversy exceeds $75,000, and that all plaintiffs and all

defendants are citizens of different states.  Plaintiffs seek $11,629,000 in compensatory damages, and have therefore satisfied the amount-in-controversy requirement.

However, they have failed to adequately allege the citizenship of all the parties. Specifically, two of the plaintiffs and two of the named defendants are limited partnerships. Diversity jurisdiction in a suit by or against an artificial entity (other than a corporation) depends on the citizenship of all the members.  Thus, the citizenship of each member of an unincorporated association or partnership must be considered in determining diversity. Carden v. Arkoma Assoc., 494 U.S. 185, 195 (1990).  In suits by or against a partnership, the citizenship of all partners – general and limited – is attributed to the partnership for diversity purposes.  Id. at 195-96; see also Schwarzer, Tashima & Wagstaffe, Federal Civil Procedure Before Trial (2005) § 2:322., et seq.  Plaintiffs have not met their burden of alleging facts showing that all members of the plaintiff partnerships are citizens of a state other than the state of citizenship of each defendant; and likewise, of alleging facts showing that all members of the defendant partnerships are citizens of a state other than the state of citizenship of each plaintiff.

To the extent that plaintiffs assert federal question jurisdiction, the allegations are also inadequate.  Plaintiffs allege a single federal claim – violation of the Investment Advisors Act of 1940 ("IIA"), 15 U.S.C. §§ 80b-1, et seq. – and thirteen state law claims.  The federal claim is asserted against only two of the named defendants – Tenet Asset Management LLC ("Tenet") and Jon E. Haskins ("Haskins").  There is a limited right of private action under the IIA.  In Transamerica Mortg. Advisors, Inc. v. Lewis, 444 U.S. 11 (1979), the United States Supreme Court held that the general antifraud provisions of § 206 of the IIA, 15 U.S.C. § 80b-6, do not imply a private cause of action for damages.  Id. at 14-15, 18-19.  The only private right of action that exists under the IIA is an action under § 215 of the Act, 15 U.S.C. § 80b-15, for rescission of an investment advisors contract and restitution of consideration given under the contract.  Id.

Here, however, plaintiffs allege that Tenet and Haskins violated § 206, and assert damages in consequence of that violation.  Plaintiffs do not allege facts supporting a claim

2

under § 215 of the Act. In addition, while the prayer for relief seeks "rescission of the [p]laintiffs' investments" pursuant to California Corporations Code § 25501, plaintiffs do not seek rescission of the investment contract. In view of the Supreme Court's ruling in <u>Transamerica Mortgage</u>, plaintiffs have alleged no viable federal claim and there is consequently no basis for jurisdiction. Moreover, even if plaintiffs were to amend the complaint to assert a claim under § 215, they do not allege that they entered into investment contracts with the remaining two defendants – Tenet Capital Partners Convertible Opportunities Fund, LP, and Olympia Capital Associates, LP. Thus, there is no apparent basis for federal jurisdiction over those two defendants.

Finally, although the court cannot dismiss sua sponte for lack of personal jurisdiction or improper venue, the court notes that plaintiffs' allegations of personal jurisdiction and venue are deficient. Plaintiffs assert that "[p]ersonal jurisdiction and venue in this case are governed by Section 27 of the Securities and Exchange Act of 1934 Act, as amended ("the 1934 Act") which confers jurisdiction in the district courts over violations of federal securities laws" (citing 15 U.S.C. § 78aa). However, § 78aa relates to "jurisdiction of offenses and suits" for "violations of this chapter or the rules and regulations thereunder." The phrase "this chapter" refers to Chapter 2B of Title 15 of the United States Code – that is, 15 U.S.C. §§ 78a to 78mm. The IIA is found at Chapter 2D of Title 15.

**IT IS SO ORDERED.**

Dated: January 5, 2006

_____
PHYLLIS J. HAMILTON
United States District Judge